LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELVIR DELIJANIN,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class,*

      Plaintiff,


      v.

WOLFGANG'S STEAKHOUSE INC., WOLF EASTSIDE
LLC, d/b/a WOLFGANG'S STEAKHOUSE, ZMF
RESTAURANTS      LLC,      d/b/a      WOLFGANG'S
STEAKHOUSE AT PARK AVENUE, WOLF GOTHAM
LLC, d/b/a WOLFGANG'S STEAKHOUSE – GOTHAM
HOTEL,   WOLF   ON   BROADWAY   LLC,   d/b/a
WOLFGANG'S STEAKHOUSE, WOLF AT TRIBECA
INC., d/b/a WOLFGANG'S STEAKHOUSE TRIBECA,
PETER ZWEINER, WOLFGANG ZWEINER, ZIZO DOE
(last name unknown), ARAMO DOE (last name unknown),
JOHN DOES 1-10.,

      Defendants.

Case No:


**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

---

      Plaintiff, ELVIR DELIJANIN ("Plaintiff"), on behalf of himself and others similarly

situated, by and through his undersigned attorneys, hereby files this Class and Collective Action

Complaint against Defendants, WOLFGANG'S STEAKHOUSE INC., WOLF EASTSIDE LLC,

d/b/a WOLFGANG'S STEAKHOUSE, ZMF RESTAURANTS LLC, d/b/a WOLFGANG'S STEAKHOUSE AT PARK AVENUE, WOLF GOTHAM LLC, d/b/a WOLFGANG'S STEAKHOUSE – GOTHAM HOTEL, WOLF ON BOADWAY LLC, d/b/a WOLFGANG'S STEAKHOUSE, WOLF AT TRIBECA INC., d/b/a WOLFGANG'S STEAKHOUSE TRIBECA (together the "Corporate Defendants" or "Wolfgang's"), PETER ZWEINER, WOLFGANG ZWEINER, ZIZO DOE (last name unknown) and ARAMO DOE (last name unknown) (together the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid overtime, (3) statutory penalties, (4) liquidated damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, ELVIR DELIJANIN, for all relevant time periods, was a resident of Kings County, New York.

6.      Corporate Defendants

(a)      WOLFGANG'S STEAKHOUSE INC. is a domestic corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 409 Greenwich Street, New York, NY 10013

(b)      WOLF EASTSIDE LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 409 Greenwich Street, New York, NY 10013, and a principal place of business located at 200 E 54th Street, New York, NY 10022. Defendants own and operate a restaurant under the tradename "Wolfgang's Steakhouse" through Corporate Defendant.

(c)      ZMF RESTAURANTS LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business located at 4 Park Avenue, New York, NY 10016. Defendants own and operate a restaurant under the tradename "Wolfgang's Steakhouse" through Corporate Defendant.

(d)      WOLF GOTHAM LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 409 Greenwich Street, New York, NY 10013, and a principal place of business located at 16 E 46th Street, New York, NY 10017. Defendants own and operate a restaurant under the tradename "Wolfgang's Steakhouse – Gotham Hotel" through Corporate Defendant.

(e)      WOLF ON BROADWAY LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at

409 Greenwich Street, New York, NY 10013, and a principal place of business located at 250 W 41st Street, New York, NY 10036. Defendants own and operate a restaurant under the tradename "Wolfgang's Steakhouse" through Corporate Defendant.

(f)      WOLF AT TRIBECA, INC. is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 220 Central Park South, 9E, New York, NY 10019, and a principal place of business located at 409 Greenwich Street, New York, NY 10013. Defendants own and operate a restaurant under the tradename "Wolfgang's Steakhouse TriBeCa" through Corporate Defendant.

7.      The Corporate Defendants operate as a single integrated enterprise. Specifically, the Corporate Defendants are engaged in related activities, share common ownership and have a common business purpose:

a)   the Corporate Defendants are commonly owned and operated by the Individual Defendants and by the Corporate Defendants;

b)   the Corporate Defendants have the same corporate leadership.   Individual Defendants Peter Zweiner and Wolfgang Zweiner are officers of Corporate Defendants, and are in charge of all aspects of management and operations for each of the Corporate Defendants;

c)   the Corporate Defendants share a common logo that appears on their website and on each store front, serve similar menu items and are advertised jointly as a common enterprise on Defendants' website listing its numerous locations, http://www.wolfgangssteakhouse.net/ (*See* **Exhibit 1**);

d) the trademark for Wolfgang's Steakhouse's logo displayed at each of the Restaurants is upon information and belief held by corporate Defendant WOLFGANG'S STEAKHOUSE, INC;

e) the Corporate Defendants are also advertised jointly on Wolfgang's Steakhouse's Facebook page

www.facebook.com/www.wolfgangssteakhouse.net (*See* **Exhibit 2**)

and twitter page: https://twitter.com/Wolfgangssteak (*See* **Exhibit 3**);

f) corporate defendants maintain centralized labor relations, human resources, and payroll operations; employment policies apply across the Wolfgang Steakhouse's Restaurants, and are formulated centrally by Peter Zweiner, Wolfgang Zweiner, and other senior officials for Corporate Defendants.

g) upon information and belief, the Corporate Defendants utilize common payroll operation and maintain identical wage and hour policies; and merchandise and employees are interchangeable among the Restaurants.

8.    Individual Defendants:

   (a)     PETER ZWEINER is an owner of Corporate Defendants. PETER ZWEINER exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. PETER ZWEINER had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to PETER ZWEINER regarding any of the terms of their employment, and PETER ZWEINER would have the authority to effect any changes to the quality and terms of employees' employment. PETER

ZWEINER regularly visited the restaurant and directly reprimanded any employee who did not perform his or her duties correctly. PETER ZWEINER ensured that employees effectively serve customers and that the business is operating efficiently and profitably. PETER ZWEINER exercised functional control over the business and financial operations of the Corporate Defendants. PETER ZWEINER had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(b)     WOLFGANG ZWEINER is an owner and principal of Corporate Defendants. WOLFGANG ZWEINER exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. WOLFGANG ZWEINER had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to WOLFGANG ZWEINER regarding any of the terms of their employment, and WOLFGANG ZWEINER would have the authority to effect any changes to the quality and terms of employees' employment. WOLFGANG ZWEINER ensured that employees effectively serve customers and that the business is operating efficiently and profitably. WOLFGANG ZWEINER exercised functional control over the business and financial operations of the Corporate Defendant. WOLFGANG ZWEINER had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(c)     ZIZO DOE (last name unknown) is an owner and principal of Corporate Defendants. ZIZO DOE exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. ZIZO DOE had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work

schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to ZIZO DOE regarding any of the terms of their employment, and ZIZO DOE would have the authority to effect any changes to the quality and terms of employees' employment. ZIZO DOE ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ZIZO DOE exercised functional control over the business and financial operations of the Corporate Defendant. ZIZO DOE had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(d)     ARAMO DOE (last name unknown) is an owner and principal of Corporate Defendants. ARAMO DOE exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. ARAMO DOE had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to ARAMO DOE regarding any of the terms of their employment, and ARAMO DOE would have the authority to effect any changes to the quality and terms of employees' employment. ARAMO DOE ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ARAMO DOE exercised functional control over the business and financial operations of the Corporate Defendant. ARAMO DOE had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

9.      Although Plaintiff did not work at each of Defendants' restaurant locations, all are appropriately named in this Complaint. Because the restaurants share identical illegal wage and hour policies, they (and all relevant Corporate Defendants) are properly named, based on their outstanding liability to the Class members who Plaintiff seeks to represent.

10.      At all relevant times, each of the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.      At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

12.      Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees (including, but not limited to bussers, servers, runners, bartenders and barbacks) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.      At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.  Plaintiff and the FLSA Collective Plaintiffs, also suffered from Defendants' failure and refusal to pay them the proper minimum wage. Defendants were not entitled to take any tip credits under the FLSA, because they failed to satisfy all statutory requirements for taking a tip credit. The claims of Plaintiff stated herein are

essentially the same as those of the other FLSA Collective Plaintiffs.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of on behalf of all non-exempt tipped employees (including, but not limited to bussers, servers, runners, bartenders and barbacks) employed by Defendants on or after December 21, 2012, (following the class period from the class settlement reached in the case of Whitehorn, *et al.* v. Wolfgang's Steakhouse, Inc., *et al.* 09-cv-1148(LBS)) (the "Class Period").

16.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of servers, bussers, runners, bartenders and barbacks ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and Tipped Subclass.

18.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek, (ii) failing to pay spread of hours premium and (iii) failing to provide proper wage notice and wage statements to employees. Defendants also failed to pay them the proper minimum wage because they failed to satisfy all statutory requirements for taking a tip credit and illegally retained gratuities from Class members. Plaintiff and the Class members suffered from Defendants' failure to pay minimum wage due to Defendants' invalid tip credit allowance because Defendants (i) failed to provide proper tip credit notice at hiring and annually thereafter, (ii) claimed a tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) illegally retained gratuities, (iv) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

19.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a)  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

      b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

      c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

      d)  Whether Defendants paid Plaintiff and Tipped Subclass members the federal and state minimum wage for all hours worked;

      e)  Whether Defendants properly provided notice to Plaintiff and members of the Tipped Subclass that Defendants were taking a tip credit;

f)  Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as provided under the New York Labor Law;

g)  Whether Defendants took the proper amount of tip credit allowance from the compensation of Plaintiff and Tipped Subclass members under the New York Labor Law;

h)  Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

j)  Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

k)  Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

24.    In or around January 2013, Plaintiff ELVIR DELIJANIN was hired by Defendants to work as a waiter for Defendants' restaurant, "Wolfgang's Steakhouse" located at 200 E 54th Street, New York, New York 10022. Plaintiff ELVIR DELIJANIN worked for Defendants until in or about April 2018.

25.    Throughout his employment, he worked six days per week with Sunday off. Plaintiff generally worked the following schedule: On Mondays from 10:30 a.m. to 2:30 p.m. and again from 5:30 p.m. to 9:30 p.m.; on Tuesdays from 5:30 p.m. to 11:30 p.m.; on

Wednesdays from 5:30 p.m. to 10:30 p.m.; on Thursdays from 6:00 p.m. to 11:30 p.m.; on Fridays from 10:30 a.m. to 2:30 p.m. and again from 5:30 p.m. to 9:30 p.m.; and on Saturdays from 6:00 p.m. to 11:30 p.m.  Plaintiff therefore worked about thirty-eight (38) hours per week, although on occasion he would work well in excess of forty hours per week. FLSA Collective Plaintiffs and Class members worked similar hours.

26.     In addition to performing tipped duties, Plaintiff performed substantial non-tipped activities including setting up the dining area, cutting lemons and limes, carrying water and soda from the basement, polishing silverware and glasses, and preparing whip cream and butter, in addition to other non-tipped duties.   Plaintiff would spend well in excess of twenty (20) percent of his workday performing non-tipped activities.   Based on Plaintiff's direct observations and conversations with other employees, Tipped Subclass members similarly spent at least twenty (20) percent of their workday performing such non-tipped activities.

27.     Plaintiff and the FLSA Collective Plaintiffs and Class members were required to perform substantial off the clock work.  Specifically, Plaintiff was required to perform side work at least thirty minutes each day prior to clocking in.  All off the clock work was uncompensated.

28.     From 2013 through 2016 Plaintiff was paid an hourly rate of $5.00.  In 2017 Plaintiff was paid an hourly rate of $7.50, and in 2018 Plaintiff was paid an hourly rate of $8.65. Other Tipped employees were paid similar rates under the statutory minimum wage.

29.     Throughout their employment, Plaintiff and the FLSA Collective Plaintiffs and Class members were not paid the correct overtime rate of 1.5 times their regular hourly rate for hours worked in excess of forty hours per week.  For example in 2017 Plaintiff was paid an overtime rate of $12.00 which is less than the required overtime rate, even if the tip credit were

properly claimed.  (*See* **Exhibit 4**)   In addition, Plaintiff and the FLSA Collective Plaintiffs and Class members were not paid overtime for all hours worked in excess of forty hours per week.

30.    At all relevant times, Defendants paid Plaintiff and Tipped Subclass members at hourly rates below the standard minimum wage. Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA, (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) failed to accurately track daily tips earned or maintain records thereof, (vii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (viii) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

31.    Defendants unlawfully failed to pay Plaintiff and the Tipped Subclass the New York State minimum wage for all hours worked.

32.    Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

33.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or proper wage statements as required by NYLL. With respect to the Tipped Subclass, Defendants also failed to disclose the amount of tip credit claimed in each pay period.

34.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs, FLSA Collective Plaintiffs and Class members.

35.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass due to the invalid tip credit that Defendants claimed.

36.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements and wage notices, as required under the New York Labor Law.

37.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

38.     Plaintiff realleges and reavers Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

39.     At all relevant times, Defendants were and continue to be employers engaged in

interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

40.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

41.     At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

42.     At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to the FLSA Collective Plaintiffs.

43.     At all relevant times, Defendants engaged in a policy and practice of not paying Plaintiff and the FLSA Collective Plaintiff for all hours worked by requiring them to perform "off the clock" work.

44.     At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

45.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective

Plaintiffs of their rights under the FLSA.

47.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, plus an equal amount as liquidated damages.

49.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

COUNT II

VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND

CLASS MEMBERS

50.     Plaintiff realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

52.     Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

53.     Defendants willfully failed to pay Plaintiff and Class members for all hours worked by requiring them to perform "off the clock" work.

54.     Defendants willfully violated Plaintiff's and Class members' rights by failing to

pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

55.   Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

56.   Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

57.   Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

58.   Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.      An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

g.      An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

i.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to the New York Labor Law;

j.      An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.      Designation of this action as a class action pursuant to F.R.C.P. 23;

m.      Designation of Plaintiff as Representative of Class; and

n.      Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 28, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*_____
        C.K. Lee, Esq. (CL 4086)

EXHIBIT 1

WOLFGANG'S
STEAKHOUSE
(http://www.wolfgangssteakhouse.net/)

🛒⁰ (http://www.wolfgangssteakhouse.net/cart/)



After 4 decades of experience, it is fair to say that Wolfgang Zwiener learned his craft well. Taking the core principles from his years as Peter Luger's head waiter, Wolfgang didn't just duplicate an exceptional steakhouse; he improved upon it making Wolfgang's Steakhouse extraordinary.  Wolfgang's Steakhouse is serving lunch and dinner seven days a week including all major holidays.

## US LOCATIONS



### 16E 46th Street – NYC

16 E. 46th Street,
New York, NY 10017
Tel: (212) 490-8300
Online Reservations
(http://wolfgangssteakhouse.net/gotham/reservation/)Breakfast: Mon-Sun 7am-10:00am

WOLFGANG'S
S T E A K H O U S E

Lunch: Mon-Sun 11:30am-4:00pm
(http://www.wolfgangssteakhouse.net/)
Dinner: Sun-Thu 4pm-10:30pm;
Fri & Sat 4pm-11pm

🛒 0 (http://www.wolfgangssteakhouse.net/cart/)

VISIT (HTTP://WOLFGANGSSTEAKHOUSE.NET/GOTHAM)



## Park Avenue – NYC

4 Park Avenue,
New York, NY 10016

Tel: (212) 889-3369

Phone Reservations Only

Sun-Thu: 12pm-10:30pm
Fri-Sat:   12pm-11:30pm

VISIT (HTTP://WWW.WOLFGANGSSTEAKHOUSE.NET/PARKAVE/)



## TriBeCa – NYC

409 Greenwich Street,
New York, NY 10013

Tel: (212) 925-0350

Online Reservations (http://www.wolfgangssteakhouse.net/tribeca/reservation/)

Sun-Thu: 12pm-10:30pm
Fri-Sat:   12pm-11:30pm

VISIT (HTTP://WWW.WOLFGANGSSTEAKHOUSE.NET/TRIBECA/)



## Times Square – NYC

250 West 41st Street,
New York, NY 10036

Tel: (212) 921-3720

Online Reservations (http://wolfgangssteakhouse.net/41st/reservation/)

Mon-Thu: 11:30am – 10:30pm
Fri-Sat: 11:30am – 11:00pm
Sunday: 11:30am – 10:00pm

WOLFGANG'S
STEAKHOUSE
(http://www.wolfgangssteakhouse.net/)                 🛒 0 (http://www.wolfgangssteakhouse.net/cart/)

VISIT (HTTP://WOLFGANGSSTEAKHOUSE.NET/41ST)



## Midtown E. – NYC

200 East 54th Street,
New York, NY 10022

Tel: (212) 588-9653

Online Reservations (http://wolfgangssteakhouse.net/midtown/reservation/)

Sun-Thu: 12pm-10:30pm
Fri-Sat:   12pm-11:30pm

VISIT (HTTP://WWW.WOLFGANGSSTEAKHOUSE.NET/MIDTOWN)



## Somerville, NJ

119 West Main Street,
Somerville, NJ 08876

Tel: (908) 541-0344

Online Reservations (http://wolfgangssteakhouse.net/somerville/reservation)
Mon-Thu: 11:30am-10:30pm
Friday: 11:30am- 11:30pm
Saturday: 4:00pm-11:30pm
Sunday: 3:30pm – 9pm

VISIT (HTTP://WWW.WOLFGANGSSTEAKHOUSE.NET/SOMERVILLE)



## Miami – FL

315 S. Biscayne Blvd.,
Miami, FL 33131

Tel: (305) 487-7130

Online reservations (http://wolfgangssteakhouse.net/miami/reservation/)

Mon-Thu: 12pm-10:30pm
Friday:  12pm – 11:30pm
Saturday: 5pm – 11:30pm

EXHIBIT 2



Wolfgang's Steakhouse
@www.wolfgangssteakhouse.net

Home
Reviews
Photos
Posts
Videos
Events
About
Community
Info and Ads

Create a Page

👍 Like    ↗ Share    ✏ Suggest Edits    ⋯

📞 Send Message

**Recommendations and Reviews**
Recommended by 8 people

the best steak in New York.
May 28

We had an absolutely incredible time there last night the meal and service were exactly what I would... See More
February 14

I've eaten at most steak houses in the city. I take Wolgangs as my favorite
July 18

See All

**Photos**

🔍 Search for posts on the Page

Wolfgang's Steakhouse
Steakhouse
4.5 ⭐⭐⭐⭐⯪

**Community**                    See All

👍 5,478 people like this

🔗 5,388 people follow this

**About**                        See All

🏢 Contact Wolfgang's Steakhouse on Messenger

🌐 www.wolfgangssteakhouse.net

🍴 Steakhouse

**People**                          >

⭐⭐⭐⭐⯪
**5,478** likes

**Pages Liked by This Page**        >

Miami Brickell Chamber

ELYPRO

**See more of Wolfgang's Steakhouse on Facebook**

Log In          Create New Account

Posts

**Wolfgang's Steakhouse**
46 mins · 🌐

In the mood for a lighter lunch? We can make that happen with our Entrée Salads!



👍 Like          💬 Comment

Dominick Denise Milano, Peter Rudolph, Alen E. Purisic and 4 others like this.

**Wolfgang's Steakhouse**
August 24 at 9:02 AM · 🌐

The apple of our eye? Our delightful Apple Strudel and homemade schlag!



**See more of Wolfgang's Steakhouse on Facebook**

Log In          Or          Create New Account

---

ウルフギャング・ステーキハウス /...
Steakhouse


**HairByAferdita**
Public Figure


**Plav-Gusinje-Sandžak • SANA**
Media/News Company


**Pazarske Frljoke**
Just For Fun


**Plava e Gucia Sot**
Media/News Company


**The High Line** ☺
Park


**Island Vintage Coffee**
Restaurant


**NBC New York** ☺
Broadcasting & Media Production Company


**RegistryFinder.com**
Society & Culture Website

English (US)  Español  Português (Brasil)  Français (France)  Deutsch

Privacy · Terms · Advertising · Ad Choices ▷·
Cookies · More ·
Facebook © 2018

See All

**Videos**



See All

See More ⌄

See more of Wolfgang's Steakhouse on Facebook

Log In    or    Create New Account

EXHIBIT 3



Home    Moments            Search Twitter              Have an account? **Log in**

Have an account?

Phone, email, or username

Password

✓ Remember me · **Forgot password?**

**Log in**

New to Twitter?

**Sign up**

| Tweets | Following | Followers | Likes | **Follow** |
|--------|-----------|-----------|-------|--------|
| **7,943** | **1,568** | **3,261** | **5,534** | |

**WOLFGANGS STEAKHOUSE**
@Wolfgangssteak

NEW YORK, LOS ANGELES, HAWAII, MIAMI, JAPAN, S.KOREA, NEW JERSEY, PHILIPPINES, BEIJING, SINGAPORE, HONG KONG

🔗 wolfgangssteakhouse.net
📅 Joined April 2013

🖼 1,421 Photos and videos



**Tweets**    Tweets & replies    Media

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · 2h
Happy Monday, @ssdai! What's one thing about food that inspires your creativity?

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 24
Cheers to the weekend, @Kate_H_Taylor! What restaurants are you looking forward to trying this weekend?
1

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 24
The apple of our eye? Our delightful Apple Strudel and homemade schlag! #dessert

1    ♡ 4

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 24
Happy Friday, @MeganGiller! What's your all-time favorite chocolate dessert?
1    ♡ 1

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 23
Hi @mattrodbard! After a long day at the office, what's your favorite #cocktail to unwind with?

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 23

#Malbec and #steak, a pairing for the ages! #delicious



♡    ⟲ 2    ♡ 2

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 23

We love following your food adventures, @lesleyLA! What's one of your top tips for choosing a great wine to pair with your meal when dining out?

♡ 1    ⟲    ♡

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 22

Hi @rachellevinsf! In your opinion, what makes #SF food culture different from the rest?

♡    ⟲    ♡

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 22

What goes great with our famous #Porterhouse? Another Porterhouse! #Steak (📷 via IG user itomokisa7)





♡ 1   ⟲ 4   ♡ 6

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 22          ⌄
Congrats on your upcoming cookbook, @katieparla! What's been your favorite
dish to prepare this summer?

♡   ⟲   ♡

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 21          ⌄
.@LivingSMoments Hi Tiffany! What's your favorite side to pair with a juicy steak?

♡ 1   ⟲   ♡ 1

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 21          ⌄
Our seared asparagus is not only delicious, it's also good for you! #TastyTuesday

♡   ⟲   ♡

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 21          ⌄
.@Mattkrc Your adventures look amazing, Matt! Any delicious #travel plans on
the horizon?

♡   ⟲   ♡

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 20          ⌄
.@mossr Hi Robert! As a food writer, what are some things you look out for when
tasting quality #steak?

♡   ⟲   ♡

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 20          ⌄
Hi @petermckinnon! We'd love to know, what's your #1 tip for taking
@instagram-worthy photos of food when dining out?

♡   ⟲   ♡

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 20          ⌄
Start your week off with a classic, our Sirloin #Burger! #lunch #eeeeeats



♡ 2    ♡ 3

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 17    ⌄
Cheers to a delicious weekend, foodies! @SusanCross1 @jigolden @EdibleSoFla
@SeamusMullen @donatellaarpaia

♡    ♡ 1    ♡ 2

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 17    ⌄
Make tonight a Wolfgang's night! Call your nearest location for reservations.  (📷
via IG user hhyeri0115) #steak #fridayfeeling #dinner



♡    ♡ 3    ♡ 5

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 17    ⌄
Happy Friday, @nadiachaudhury! What dishes are you looking forward to tasting
this weekend?

♡    ♡    ♡

**WOLFGANGS STEAKHOUSE** @Wolfgangssteak · Aug 16    ⌄

It's almost Friday, @theminxologist! What are your favorite summertime cocktails to enjoy after a long week?

  

## New to Twitter?

Sign up now to get your own personalized timeline!



## You may also like ·

Refresh


**WSOP** ✿
@WSOP


**Rod Rohrich** ..
@DrRodRoh...


**Michelle M** ..
@MichelleD ..


**Gary Haynes**
@GaryHayn...


**Ryan Weaver**
@ryandrjwe..

## Worldwide trends

**NAFTA**
77.9K Tweets

**#FelizLunes**
58.8k Tweets

**#MondayMotivation**
175K Tweets

**Simona Halep**
3,069 Tweets

**さくらももこさん**
763K Tweets

**#VerguenzaCONMEBOL**
44K Tweets

**Streets of Rage 4**
12.5K Tweets

**TLCAN**
15K Tweets

**#رمز_من_رموز_الشعر**
6.976 Tweets

**#27Ago**
46.6K Tweets

© 2018 Twitter   About
Help Center   Terms
Privacy policy   Cookies
Ads info

EXHIBIT 4

FOLD AND REMOVE

**PERSONAL AND CHECK INFORMATION**

Elvir Deljanin
42-15 34th Ave
Apt 2G
Astoria, NY 11101
Soc Sec #: xxx-xx-xxxx    Employee ID: 194

Home Department: 10 Waiters

Pay Period: 12/11/17 to 12/17/17
Check Date: 12/21/17    Check #: 22044

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 1783.44 | 50300.37 |
| NET PAY | 1783.44 | 50300.37 |

**EARNINGS**

| DESCRIPTION | RATE | HRS/UNITS | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| Hourly | 7.5000 | 40.00 | 300.00 | 1560.11 | 11813.93 |
| Tipped OT | 12.0000 | 5.72 | 68.64 | 7.45 | 89.40 |
| Double Shift | 11.0000 | 2.00 | 22.00 | 61.00 | 671.00 |
| Tips Charged | | | 2221.00 | | 52520.00 |
| Total Hours | | 47.72 | | | |
| Gross Earnings | | | 2611.64 | 1628.56 | 65094.33 |
| Total Hrs Worked | | 47.72 | | | |

**OTHER ITEMS**
Do not increase Net Pay

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Tips Cash | 148.00 | 3621.00 |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 171.10 | 4260.35 |
| Medicare | | 40.01 | 996.37 |
| Fed Income Tax | M 7 | 348.13 | 4176.24 |
| NY Income Tax | M 7 | 160.64 | 3188.24 |
| NY Disability | | 0.60 | 30.00 |
| NY Disability PFL | | 1.65 | 37.52 |
| NY NYC Inc | M 7 | 106.07 | 2105.24 |
| TOTAL | | 828.20 | 14793.96 |

**NET PAY**

| | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | 1783.44 | 50300.37 |

FOLD AND REMOVE

> > > IMPORTANT MESSAGE(S) < < <

Effective 12/31/16, for tipped Ees in NYS Hospitality Industry: In NYC at Er
with >= 11 Ees: tip credit up to $3.50 may be taken towards $11 min wage.
In NYC at Er with < 11 Ees: tip credit up to $3 may be taken towards
$10.50 min wage. In Nassau, Suffolk, & Westchester Counties: tip credit up
to $2.50 may be taken towards $10 min wage. In remainder of NYS
tip credit up to $2.20 may be taken towards $8.70 min wage.

Payrolls by Paychex, Inc.

1940 1900-6175  Wolf Eastside LLC · 200 E 54th St · New York NY 10022 · (212) 925-0350