18-CV-7854 (RA)(KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIR DELIJANIN,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class*,

Plaintiff,

-against-

WOLFGANG'S STEAKHOUSE INC., WOLF
EASTSIDE LLC d/b/a WOLFGANG'S
STEAKHOUSE, ZMF RESTAURANTS LLC
d/b/a WOLFGANG'S STEAKHOUSE AT PARK
AVENUE, WOLF GOTHAM LLC d/b/a
WOLFGANG'S STEAKHOUSE – GOTHAM
HOTEL, WOLF ON BROADWAY LLC
d/b/a WOLFGANG'S STEAKHOUSE,
WOLF AT TRIBECA INC. d/b/a WOLFGANG'S
STEAKHOUSE TRIBECA, PETER ZWEINER,
WOLFGANG ZWEINER, ZIZO DOE (last name
unknown), ARAMO DOE (last name
unknown), and JOHN DOES 1-10,
Defendants.

**DEFENDANTS' SUR-REPLY
MEMORANDUM OF LAW IN
FURTHER OPPOSITION TO
PLAINTIFF'S MOTION FOR
CONDITIONAL COLLECTIVE
CERTIFICATION**

**MELTZER, LIPPE, GOLDSTEIN
& BREITSTONE, LLP**
Attorneys for the Defendants
190 Willis Avenue
Mineola, N.Y.  11501
(516) 747-0300

Gerald C. Waters, Jr., Esq.
Jonathan D. Farrell, Esq.
Nicholas P. Melito, Esq.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

Preliminary Statement.......................................................................................................... 1

I CONDITIONAL COLLECTIVE ACTION SHOULD NOT BE CERTIFIED.......................... 2

    A. Plaintiff Received Notice Of The Tip Credit.................................................................. 3

    B Plaintiff and the Putative Collective Were Paid
      in Excess of the Minimum Wage Under FLSA ............................................................. 5

    C. The USDOL's Opinion Letter Reaffirmed Employers Are
      Entitled to Take a "Tip Credit" for Non-Tip Generating Duties................................... 6

    D. There is No Common Policy or Plan With Respect to Off –The Clock Work .............. 7

    E. Plaintiff Was Paid Proper Overtime Under the FLSA .................................................... 8

    F. Plaintiff is Not Similarly-Situated to the Punitive Collective Members ....................... 8

    G. Plaintiff Failed to Establish A Common Pay Policy Amongst Defendants'
      Purported Integrated Enterprise.................................................................................... 9

II THE PARTIES TO CONFER REGARDING THE FORM OF THE NOTICE...................... 10

CONCLUSION.................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page**

Andon v. SDG Properties, Inc.,
  No. 17 Civ. 7876 (ALC)(KHP), 2018 WL 3970910 (S.D.N.Y. Aug. 20, 2018)...................10, 11

Barfield v. New York City Health & Hosps. Corp.,
  537 F.3d 132 (2d Cir. 2008).............................................................................................7

Becerra v. IM LLC-I,
  No. 14 Civ. 2671 (ADS)(ARL), 2015 WL 1954478 (E.D.N.Y. Apr. 29, 2015) ...........................9

Cope v. Let's Eat Out, Inc.,
  No. 16 Civ. 3050 (SRB), 2019 WL 79367 (W.D. Mo. Jan. 2, 2019) ............................................6

Elamrani v. Henry Limousine, Ltd.,
  No. 15 Civ. 2050 (ERK)(MDG), 2016 WL 5477590 (E.D.N.Y. Sept. 28, 2016) .........................2

Eng-Hatcher v. Sprint Nextel Corp.,
  No. 07 Civ. 7350 (BSJ), 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) .....................................8

Feng v. Soy Sauce LLC,
  No. 15 Civ. 3058 (ENV)(LB), 2016 WL 1070813 (E.D.N.Y. Mar. 14, 2016)..............................2

Garcia v. Benjamin Grp. Enter.,
  800 F. Supp. 2d 399 (E.D.N.Y. 2011) .......................................................................................3

Hernandez v. City of New York,
  No. 16 Civ. 3445 (RA), 2017 WL 2829816 (S.D.N.Y. June 29, 2017)........................................1

Hernandez v. The Fresh Diet Inc.,
  No. 12 Civ. 4339 (ALC)(JLC), 2012 WL 5936292 (S.D.N.Y. Nov. 21, 2012) ...........................11

Hypolite v. Health Care Services of New York Inc.,
  256 F. Supp. 3d 485 (S.D.N.Y. 2017)........................................................................................6

Iriarte v. Café 71, Inc.,
  No. 15 Civ. 3217 (CM), 2015 WL 8900875 (S.D.N.Y. Dec. 10, 2015).....................................11

Johnson & Johnson v. Guidant Corp.,
  525 F. Supp. 2d 336 (S.D.N.Y. 2007)........................................................................................1

Junmin Shen v. No. One Fresco Tortillas, Inc.,
  No. 16 Civ. 2015 (RWL), 2018 WL 6712771 (S.D.N.Y. Nov. 26, 2018)....................................4

Lundy v. Catholic Health Sys. Of Long Island, Inc.,
711 F.3d 106 (2d Cir. 2013)...................................................................................................5

Corp. v. Cuno Inc.,
No. 03 Civ. 0092 (JS)(ETB), 2007 WL 2363019 n. 1 (E.D.N.Y. Aug. 14, 2007) ........................1

Patraker v. Council on the Env't of N.Y.C.,
No. 02 Civ. 7382 (LAK), 2003 WL 22703522 (S.D.N.Y. Nov. 17, 2003) ..................................11

Sanchez v. El Rancho Sports Bar Corp.,
No. 13 Civ 5119 (RA), 2014 WL 1998236 (S.D.N.Y. May 13, 2014)................................10, 12

Shu Qin Xu v. Wai Mei Ho,
111 F. Supp. 3d 274 (E.D.N.Y. 2015) .....................................................................................11

Taveras v. D&J Real Estate,
324 F.R.D. 39 (S.D.N.Y. 2018) ..........................................................................................1, 11

Trinidad v. Pret A Manger (USA) Ltd.,
962 F. Supp. 2d 545 (S.D.N.Y. 2013).......................................................................................3

Vasquez v. Vitamin Shoppe Indus. Inc.,
No. 10 Civ. 8820 (LTS)(THK), 2011 WL 2693712 (S.D.N.Y. July 11, 2011)............................9

Statutes

29 U.S.C. Section 216(b) .........................................................................................................1
29 U.S.C. § 206(a)(1)(C) ..........................................................................................................5

Regulations

29 C.F.R. § 778.110 ..................................................................................................................5

## PRELIMINARY STATEMENT

Defendants, as defined in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Collective Certification (ECF No. 43), submit this sur-reply in further opposition to Plaintiff, Elvir Delijanin ("Plaintiff")'s Motion for Conditional Collective Certification ("Motion"), which seeks to conditionally certify a Fair Labor Standards Act ("FLSA") conditional collective action pursuant to 29 U.S.C. Section 216(b) (the "Collective"), consisting of all "bussers, servers, runners, bartenders, and barbacks" (collectively, "Tipped Employees") for Defendants' alleged failure to pay their Tipped Employees: (1) proper minimum wages based on an alleged invalid tip credit deduction (notice and an "80/20" claim); (2) all regular and overtime hours worked off-the-clock; and (3) proper overtime premium (collectively, where appropriate as the "Motion"). Plaintiff's attempt to cure his defective declaration by filing a declaration from purported coworker, Omer Boci,[1] was unsuccessful.  Plaintiff still fails to establish Defendants violated the FLSA or had a common policy which violated same as Mr. Boci was provided a written tip credit notice. See Declaration of Nicholas P. Melito, Esq. ("Melito Decl."), Exhibit "A." Even if the Court considered Plaintiff's inappropriate inclusion of new information/legal argument in his reply papers (which the Court should not) it's clear Plaintiff failed to satisfy his burden for conditional certification as conclusory allegations and unsupported assertions are insufficient. See Hernandez v. City of New York, No. 16 Civ. 3445 (RA), 2017 WL 2829816, at *4 (S.D.N.Y. June 29, 2017) (Abrams, J.); Taveras v. D&J Real Estate, 324 F.R.D. 39, 41 (S.D.N.Y. 2018) (Parker, J.).

---

[1] Defendants object to Plaintiff's inclusion of new legal arguments, including the declaration of Omer Boci, in his reply papers.  Indeed, Plaintiff's inclusion of new information and arguments that were not previously made in his moving papers, runs afoul with the abundance of case law warning against same.  As such, the Court should completely disregard any arguments that Plaintiff raises for the first time in his reply papers, including Boci's declaration. Johnson & Johnson v. Guidant Corp., 525 F. Supp. 2d 336, 359 (S.D.N.Y. 2007) ("Arguments first raised in reply memoranda are 'not properly considered."); see also Pall Corp. v. Cuno Inc., No. 03 Civ. 0092 (JS)(ETB), 2007 WL 2363019, at *1 n. 1 (E.D.N.Y. Aug. 14, 2007) ("Any arguments raised for the first time in reply briefs or letters filed subsequent to the briefs will not be considered by this Court in rendering its decision.").

Indeed, Plaintiff failed to show that he himself has actual claims under the FLSA and thus, failed to show that he is similarly situated to any purported collective member or that he is an appropriate representative of any purported collective.  Moreover, Plaintiff failed to show the existence of a common pay policy that violates the FLSA.  Finally, Plaintiff failed to show that Defendants operated as a single integrated enterprise as Plaintiff's pleading and declarations are devoid of any factual allegations which show how one location/corporation controlled the labor relations of another location/corporation.  Thus, Defendants respectfully request that the Court deny Plaintiff's motion in its entirety. However, should the Court grant certain portions of Plaintiff's motion, Plaintiff should only be entitled to the names and address information for putative plaintiffs for a three-year period preceding the filing of the Complaint, concerning the location at which Plaintiff worked. The Court should deny Plaintiff's request for equitable tolling; consent forms should be returnable to the Clerk of Court; and the parties should meet and confer on the remaining terms of the Notice of Pendency, to which Defendants have numerous objections.

## I.    CONDITIONAL COLLECTIVE ACTION SHOULD NOT BE CERTIFIED

It is well established that "[i]n order to bring a collective action, plaintiff must first show that he, himself, was subject to a FLSA violation." Elamrani v. Henry Limousine, Ltd., No. 15 Civ. 2050 (ERK)(MDG), 2016 WL 5477590, at *4 (E.D.N.Y. Sept. 28, 2016).  Thus, "as a prerequisite to a collective action, the named plaintiff must demonstrate that he, himself, was a victim of the defendants' illegal pay practices." Feng v. Soy Sauce LLC, No. 15 Civ. 3058 (ENV)(LB), 2016 WL 1070813, at *3 (E.D.N.Y. Mar. 14, 2016).  Indeed, where, as here, there is a threshold issue of whether the plaintiff even has any individual claims of unpaid wages under the FLSA, courts have routinely exercised their "broad discretion to manage or otherwise limit

discovery," Garcia v. Benjamin Grp. Enter., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011), which

includes the discretion to defer proposed motions for conditional certification until completion of

discovery on the plaintiff's individual claims. See, e.g., Trinidad v. Pret A Manger (USA)

Ltd., 962 F. Supp. 2d 545, 556 (S.D.N.Y. 2013) ("The court's discretionary power to facilitate the

sending of notice to potential class members is premised on its use as a tool for efficient case

management, and it does not promote efficient case management to facilitate notice to potential

class members where the representative plaintiffs have failed to state plausible FLSA violations.").

As noted in Defendants' opposition papers, Plaintiff simply failed to show, even under the

modest burden of conditional certification, that he himself has any claims for unpaid wages under

the FLSA.   Moreover, given the premature nature of Plaintiff's motion for conditional

certification, discovery is in its infancy, and will uncover Plaintiff and the putative collective are

not similarly situated.  Significantly, despite Boci's assertions in his declaration stating otherwise,

he was in fact provided a written tip credit notification. See Melito Decl., Exhibit "A." Moreover,

Defendants provided documentary evidence that establishes at all times, Plaintiff was paid above

the federal minimum wage for each hour that he worked; and that Defendants paid Plaintiff the

proper overtime wages on the rare occasions during which Plaintiff worked more than forty hours

in a workweek.  As Plaintiff cannot show that he himself was the victim of a pay policy that

violated the FLSA, he similarly cannot show a pay policy violative of the FLSA existed. For sake

of clarity, no common policy can exist if, assuming *arguendo*, some employees were provided

written tip credit notification while others claim they were not. .

A.    **Plaintiff Received Notice Of The Tip Credit**

Under "'the FLSA . . ., an employer may pay a tipped worker a cash wage that is lower

than the statutory minimum wage, provided that the cash wage and the employee's tips, taken

together, are at least equivalent to the minimum wage and t]his allowance against the minimum cash wage is known as a tip credit." Junmin Shen v. No. One Fresco Tortillas, Inc., No. 16 Civ. 2015 (RWL), 2018 WL 6712771, at *10–11 (S.D.N.Y. Nov. 26, 2018). Unlike the New York Labor Law, the FLSA does not require a tip credit notice to be written. Id.; see USDOL Fact Sheet #15.

In his reply, Plaintiff points to both his declaration as well as Boci's declaration to argue that they never received notice of a tip credit. Moreover, Plaintiff insists the documentary evidence (i.e., tip credit notification and the Annual Wage Notice) provided by Defendants should not be given any weight by the Court because it is a "merits based argument" and "requires credibility determinations." Plnf.'s Reply Memo, at pg. 3. This argument defies logic as Plaintiff heavily relies on declarations of two former employees which would be subject to credibility determinations, and Plaintiff's and Boci's declarations both pertain to the underlying merits of his claims, *albeit* in a conclusory manner. Most importantly, Boci's declaration should not be given any weight as **he clearly was provided adequate tip credit notification despite his assertions otherwise**. See Melito Decl., Exhibit "A." Moreover, the documentary evidence submitted by Defendants, not only support a finding that Plaintiff was provided proper notification of the tip credit, but also support a finding that no common policy violative of the FLSA existed as at least some of the putative collective members at the location where Plaintiff worked were provided written notice[2] of the tip credit.

Furthermore, as part of his moving papers and again in his reply papers, Plaintiff attaches numerous paystubs as supporting exhibits. See, e.g., Exhibit I to Plnf.'s Memo. Importantly, those paystubs show that each time Plaintiff received his weekly pay, he was notified of Defendants'

---

[2] As previously stated, the FLSA does not require written notification.

intention to take a tip credit against his wages, not only by the amount of cash tips and credit card tips listed for that particular week, but also on the lower left corner under "Important Messages," which notified Plaintiff that Defendants were entitled to take a hourly tip credit of up to $3.50 against Plaintiff's wages. See, e.g., Exhibit B to Plnf.'s Reply Memo.  As such, Plaintiff cannot now argue he was unaware that his wages were subject to a tip credit. Nor can Plaintiff show he was a victim of a common policy violative of the FLSA as he and Mr. Boci were indisputably advised of Defendants' intention to take a tip credit.

### B.      Plaintiff and the Putative Collective Were Paid in Excess of the Minimum Wage Under the FLSA

Throughout the applicable FLSA period, the minimum wage rate required under the FLSA was $7.25 per hour. See 29 U.S.C. § 206(a)(1)(C).  Here, as discussed in Defendants' opposition, Plaintiff was compensated well above the minimum wage for the entirety of the statute of limitations period, and thus has no claim for unpaid minimum wages under the FLSA.  Indeed, in contrast to Plaintiff's claims in the Complaint and Declaration, as well as Mr. Boci's claims in his declaration, Defendants' payroll records submitted as Exhibit B to the January 11, 2019 Waters Declaration, show that at all relevant times, Plaintiff was paid above the federal minimum wage for all hours worked. Plaintiff erroneously attempts to orchestrate an FLSA minimum wage violation by applying tip credit principles under the NYLL. As further evidence of Plaintiff's confusion of applicable case law and statutes, Plaintiff cites to Lundy v. Catholic Health Sys. Of Long Island, Inc., 711 F.3d 106, 116 (2d Cir. 2013) to support his position that Plaintiff's hourly rate fell below the statutory minimum wage rate once you factor in the alleged four hours of "off-the-clock" work. See Plnf.'s Reply Memo, at pg. 6.

However, Plaintiff incorrectly calculates the effective hourly rate as he neglects to include tipped income as required by applicable federal regulations. See 29 C.F.R. § 778.110. Please refer to

Defendants' Memorandum of Law in Opposition to Plaintiff's Motion For Conditional Certification (ECF No. 43), pg. 11, fn. 6, for a detailed analysis of properly calculating the effective hourly rate under the federal regulations. As Plaintiff's hourly rate does not fall below the federal minimum wage rate, no violation of the FLSA occurred during the applicable statutory period.[3]

### C.    The USDOL'S Opinion Letter Reaffirmed Employers Are Entitled to Take a "Tip Credit" for Non-Tip Generating Duties

In his reply, Plaintiff also argues that Defendants are not entitled to a tip credit because Plaintiff and putative collective members performed substantial non-tipped work. However, Plaintiff's argument is based on an outdated interpretation of the United States Department of Labor's (the "DOL") position on this matter. As discussed extensively in Defendants' opposition, the DOL has explicitly changed its position with respect to the "80-20" rule which addressed when an employer was entitled to a tip credit with respect to a tipped employee's duties. In contrast to Plaintiff's assertion, the November 8, 2018 DOL Opinion Letter, which effectively withdrew the "80/20" rule, was not the sole product of the Trump Administration. In fact, as stated in the November 8, 2018 DOL Opinion Letter, it was first signed in January 2009 by then-Acting WHD Administrator Alexander J. Passantino as an official statement of the DOL. See 2018 WL 5921455, at 1 (November 8, 2018). However, in March 2009, the DOL withdrew the opinion letter for further consideration. Id. On November 8, 2018, the Opinion Letter was again signed into effect containing the same language as the 2009 Opinion Letter verbatim. Id.

In Plaintiff's reply, he argues DOL opinion letters are not binding, that the Court should disregard the DOL's position as of November 8, 2018 and in doing so, cites Cope v. Let's Eat Out,

---

[3] See Hypolite v. Health Care Services of New York Inc., 256 F. Supp. 3d 485, 488 n. 1 (S.D.N.Y. 2017) ("The interspersed issues in the plaintiff's briefing related to . . . state law claims are irrelevant to conditional certification and need not be addressed.").

Inc., No. 16 Civ. 3050 (SRB), 2019 WL 79367, * 14 (W.D. Mo. Jan. 2, 2019).  This Western District of Missouri decision is not binding on this Court and should be disregarded.  Instead, the Court should follow the Second Circuit's long established principle "such agency letters represent 'a body of experience and informed judgment to which courts and litigants may properly resort for guidance' . . . [and t]hus, this court has 'often relied on DOL Opinion Letters for their persuasive value.'"  Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 149 (2d Cir. 2008).  Finally, Plaintiff incorrectly cites NYLL's 80/20 rule in an attempt to mislead the Court into granting conditional certification. As stated supra, conditional certification applies only to FLSA claims; not state law. Therefore, as discussed herein and in Defendants' opposition papers at great depth, Plaintiff simply failed to allege any policies which violate the FLSA.  As such, no collective action should be certified.

**D.     There is No Common Policy or Plan With Respect to Off-The-Clock Work**

In his reply papers, Plaintiff points to his and Mr. Boci's declaration in support of his conclusory allegations that a "common policy" requiring Tipped Employees to perform work "off-the-clock" Existed.  However, an examination of both declarations shows that aside from unsupported and generalized allegations of off-the-clock work, both Plaintiff and Mr. Boci fail to include details of a single incident of off-the-clock work.  Instead, both Plaintiff and Boci assert conclusory statements that they worked between thirty (30) and sixty (60) minutes each shift off the clock. Plnf.'s Decl. at ¶ 6; Boci Decl. at ¶ 6; see also Compl. at ¶ 28.  Neither Plaintiff nor Mr. Boci provide any further details as to the specific times they would report to work in relation to their scheduled shifts, who directed the work, any witnesses to same, conversation about the "off the clock" work, or any similar information for the putative collective.  Thus, the Court must disregard the declarations as vague, conclusory, and insufficient to support Plaintiff's motion. See

Eng-Hatcher v. Sprint Nextel Corp., No. 07 Civ. 7350 (BSJ), 2009 WL 7311383, at *5 (S.D.N.Y.

Nov. 13, 2009) (denying conditional and class certification in an "off-the-clock" case where the

plaintiff "attempt[ed] to impute her own limited experience" to the class).  Again, as Plaintiff

failed to provide anything other than conclusory and unsupported allegations of off-the-clock

work, he cannot establish any violation of the FLSA, let alone a common policy to violate same.

As such, the Court must deny Plaintiff's motion.

### E.       Plaintiff Was Paid Proper Overtime Under The FLSA

In his reply, Plaintiff also erroneously argues that Defendants failed to pay him the proper

overtime rate under the FLSA on the limited occasions he worked in excess of forty hours per

workweek.  As discussed in Defendants' opposition, a simple review of Plaintiff's paystub shows

he received <u>at least the federal minimum wage for each hour worked and at least one and one half</u>

<u>times the FLSA minimum wage rate for each hour worked in excess of forty</u>.[4]  Thus, Plaintiff

cannot show that he was the victim of an overtime violation under the FLSA or that there was a

common overtime policy violative of the FLSA.

### F.       Plaintiff Is Not Similarly-Situated to the Putative Collective Members

As discussed above and extensively in Defendants' opposition, Plaintiff simply cannot

show that he has any claims under the FLSA and thus, cannot in any way be considered similarly-

situated to any putative collective members, much less serve as an adequate representative plaintiff

for the putative collective.  In order to be similarly-situated to the putative collective members,

Plaintiff must show he was subject to a common pay policy and was deprived of wages to which

he is entitled under the FLSA.  Plaintiff simply cannot satisfy that burden as Defendants have

concretely shown that Plaintiff received all the wages to which he is entitled under the FLSA.

---

[4] For the sake of brevity, Defendants respectfully direct the Court to page 11, Fn. 6 of Defendants' opposition (ECF No. 43) papers for a comprehensive pay rate analysis.

Thus, Plaintiff cannot show that he is similarly situated to the putative collective members, namely

all bussers, servers, runners, bartenders, and barbacks who were employed by Defendants at five

(5) separate Wolfgang's Steakhouse restaurant locations.[5]   As such, the Court must deny

Plaintiff's motion.

> **G.      Plaintiff Failed to Establish A Common Pay Policy Amongst Defendants'
>           Purported Integrated Enterprise.**

In his motion, Plaintiff asks the Court to conditionally certify a collective spanning across

five different Wolfgang's Steakhouse locations.  In doing so, Plaintiff points to his and Boci's

declarations which offer no more than generalized allegations of common control amongst the five

locations.  Notably, Plaintiff and Boci, who both worked at the Midtown East location only,

located at 200 East 54th Street, New York, New York 10022, fail to offer any information in their

declarations regarding the pay policies and practices of the other locations.  Indeed, courts have

denied conditional certification on this basis alone. See Becerra v. IM LLC-I, No. 14 Civ. 2671

(ADS)(ARL), 2015 WL 1954478, at *5 (E.D.N.Y. Apr. 29, 2015), aff'd, 2016 WL 8968978

(E.D.N.Y. Feb. 20, 2016) (declining to grant conditional certification where plaintiff failed to

show any personal knowledge about any potential common pay policy in any location other than

his own); Vasquez v. Vitamin Shoppe Indus. Inc., No. 10 Civ. 8820 (LTS)(THK), 2011 WL

2693712, at *3 (S.D.N.Y. July 11, 2011) (same).  Most significantly, Plaintiff failed to provide

any evidence pertaining to how one location/corporation controls the terms of employment of

another, separate location/corporation.   Plaintiff merely asserts, in conclusory fashion, that

employees are "interchangeable" among locations.  However, Plaintiff provides no information

---

[5] As noted in Defendants' Opposition, Plaintiff names as a Defendant, but does not provide any information and/or allegations regarding Wolf on Broadway LLC.  This serves as an additional basis to deny the collective.  Of course, even if a conditional collective action was granted, as no facts and/or allegations were presented for this location, the collective should not be extended to this not yet opened and is unstaffed Wolfgang's Steakhouse location.

regarding whether an employee who allegedly works at more than one location, is paid by one or two distinct corporations.  Additionally, Plaintiff and Mr. Boci's declarations do not state "how" their purported discussions regarding this issue occurred.  For example, since Plaintiff and Mr. Boci fail to provide any context to the alleged conversations and/or observations, it is simply implausible that any conversation regarding tip credit notification occurred. Most importantly, Plaintiff failed to allege in an non-conclusory manner that Defendants had interrelated operation, common management, centralized control of labor relations, and common ownership to qualify as an integrated enterprise.

## II.   THE PARTIES TO CONFER REGARDING THE FORM OF THE NOTICE

Should the Court grant Plaintiff's motion (which it should not) the Court should: (i) grant only a three year opt-in period from the date of the filing of the instant motion; (ii) limit putative opt-in contact information to names and last known mailing addresses; (iii) direct opt-ins to mail consent forms to the Clerk of Court; (iv) deny Plaintiff's request for equitable tolling; and (v) direct the parties to meet and confer regarding the form of the notice. Defendants incorporate by reference their legal arguments in Point II of their Opposition Brief (ECF No. 43), but highlight specific arguments to the aforementioned requests.

Your Honor, as well as District Judge Ronnie Abrams, have limited the notice period to three years. See, e.g., Andon v. SDG Properties, Inc., No. 17 Civ. 7876 (ALC)(KHP), 2018 WL 3970910, at *2 (S.D.N.Y. Aug. 20, 2018) (Parker, J.); Sanchez v. El Rancho Sports Bar Corp., No. 13 Civ. 5119 (RA), 2014 WL 1998236, at *4 (S.D.N.Y. May 13, 2014) (Abrams, J.). Moreover, Plaintiff's request for production of potential opt-ins': job titles; compensation rate(s); last-known addresses; email addresses; telephone numbers; and dates of employment is improper.  It is an impermissible invasion of privacy for non-parties, and is unsupported by Plaintiff's motion.

Plaintiff fails to offer any basis to obtain information. Plaintiff's request for said contact information is in contradiction of well-established decisions in the Second Circuit, including this Court. See, e.g., Andon, 2018 WL 3970910, at *2 (Parker, J.); Iriarte v. Café 71, Inc., No. 15 Civ. 3217 (CM), 2015 WL 8900875, *6 (S.D.N.Y. Dec. 10, 2015). Plaintiff's request Consent to Join forms be returned to Plaintiff's counsel instead of the Clerk of Court is also unsupported by decisions in the Second Circuit. See, e.g., Hernandez v. The Fresh Diet Inc., No. 12 Civ. 4339 (ALC)(JLC), 2012 WL 5936292, at *2 (S.D.N.Y. Nov. 21, 2012) (ordering consent forms be returned to the Clerk rather than to the plaintiffs' counsel).

Finally, the Court should also deny Plaintiff's request for equitable tolling. Courts generally grant equitable tolling in "exceptional circumstances" when a "plaintiff has been prevented in some extraordinary way from exercising his rights, or has asserted his rights in the wrong in the forum." Patraker v. Council on the Env't of N.Y.C., No. 02 Civ. 7382 (LAK), 2003 WL 22703522, *2 (S.D.N.Y. Nov. 17, 2003); accord Shu Qin Xu v. Wai Mei Ho, 111 F. Supp. 3d 274, 279 (E.D.N.Y. 2015). Here, Plaintiff was not prevented from exercising his rights in any way, much less "some extraordinary way" as he filed his original Complaint on or about August 28, 2018 and filed the instant motion on November 27, 2018, the same day as the initial conference. See Docket Entries 1, 35-37. As such, Plaintiff cannot establish "exceptional circumstances" sufficient to warrant equitable tolling and Plaintiff's request for same should be denied. In the event the Court determines that conditional certification is warranted, Defendants respectfully request the Court order the parties to meet and confer[6] regarding the form of the Notice.[7]

---

[6] See, e.g., Andon v. SDG Properties, Inc., No. 17 Civ. 7876 (ALC)(KHP), 2018 WL 3970910, at *2 (S.D.N.Y. Aug. 20, 2018) (Parker, J.) (directing the parties to meet and confer regarding the plaintiff's proposed notice); see also Taveras v. D&J Real Estate, 324 F.R.D. 39, 42 (S.D.N.Y. 2018) (Parker, J.) (informing the parties that the proposed notice would "need to be modified after a meet-and-confer in light of this Court's ruling" on the plaintiffs' motion for conditional certification).

## CONCLUSION

**WHEREFORE**, Defendants respectfully request: (i) Plaintiff's Motion be denied, and in the event it is not, it should be limited to 200 East 54th Street, New York, New York 10022 and for a three year period preceding the filing of the Complaint; (ii) to the extent a Notice of Pendency and provision of relevant contact information is required, it should be limited to names and last-known addresses in connection with same; (iii) to the extent a Notice of Pendency and/or Consent to Become a Party Plaintiff is required, such Notice and Consent shall be revised in accordance with the Parties' conference and any relevant Orders of this Court regarding conditional certification; and (iv) Defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:        Mineola, New York
            February 22, 2019

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
Attorney for Defendants
190 Willis Avenue
Mineola, New York 11751
(516)747-0300

By:         **ECF**      /s/
            Nicholas P. Melito, Esq.
            Jonathan D. Farrell, Esq.
            Gerald C. Waters, Jr., Esq.

---

[7] Defendants request, amongst other items, the Notice inform putative collective members of the possibility that they might be required to take part in discovery or testify at trial, and that Defendants' counsel's contact information be added to the Notice as well. See El Rancho Sports Bar Corp., 2014 WL 1998236, at *5 (Abrams, J.) (ordering the notice inform putative collective members of their requirement to participate in discovery and/or testify at trial, and that defense counsel's contact information be added to the notice).