

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Dong Phuong V. Nguyen, Esq.*
*Writer's Direct Dial: 516-747-0300 ext. 141*
*Writer's Facsimile: 516-237-2893*
*Email: pnguyen@meltzerlippe.com*

March 21, 2019

<u>*Via ECF*</u>
Hon. Katharine H. Parker
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  Delijanin v. Wolfgang's Steakhouse, et al.
>      Case No.: 18-cv-7854 (RA) (KHP)
>      <u>MLGB File No.: 15401-00010</u>

Dear Judge Parker:

This Firm represents Defendants, as noted in Doc. No. 59, in the above-referenced wage and hour matter. Defendants write in response to Plaintiff's March 18, 2019 Letter Motion to Compel Defendants to Produce Documents and Responses to Interrogatories ("Motion"). Doc. No. 62.

<u>Summary</u>

As a brief initial note, Plaintiff's motion violates the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule"), is premature, disregards the Court's instructions for the parties to work to resolve discovery disputes, and is an unnecessary use of judicial resources. Local Rule 37.2 mandates that prior to moving to compel discovery, the moving party must "first request an informal conference with the Court by letter-motion for a pre-motion discovery conference," a requirement that is echoed by Rule II(b) of Your Honor's Individual Practices.

Here, Plaintiff disregarded both the letter and spirit of these rules, opting instead to prematurely engage in motion practice without requesting or participating in a pre-motion conference. In the same pattern, Plaintiff disregarded the Court's instructions during the November 18, 2018 Initial Case Management Conference and at the March 5, 2019 status conference for the parties to work together to resolve discovery disputes prior to seeking court intervention.

Specifically, on November 12, 2018, Plaintiff served his discovery requests. On January 25, 2019, Defendants served responses tailored in accordance with the Court's instructions during the November 18, 2018 conference to exchange discovery as it relates to the named-Plaintiff only. On March 4, 2019, Plaintiff served a deficiency letter wherein he demanded, *inter alia*, discovery for the entire putative class spanning all five named restaurant locations as well as a complete list of the names, addresses, emails, and telephone numbers of all non-exempt tipped persons and the payroll records thereof. During the March 5, 2019 status conference, the Court ordered Defendants to

exchange information regarding the size of the putative class (but not the names and other job related information) as well as the policies and procedures relating to same. The parties had telephonic meet-and-confers on March 11 and March 15, 2019. Based on the Court's instructions during the March 5, 2019 conference, Defendants agreed to compile and produce information relating to: the size of the class for 200 East 54th Street, New York New York 10002 ("Eastside location") where both Plaintiff and opt-in Plaintiff Omer Boci worked; wage-and-hour policies and procedures for the Eastside location; a list of Plaintiff's managers; and certain records of any prior lawsuits, and settlements, or complaints relating to wage-and-hour matters. Defendants further agreed to investigate and confer with our clients relating to Plaintiff's request for e-discovery, including Plaintiff's twenty-nine proposed search terms, and Plaintiff's request for documents listing job titles or types of positions at Defendants' locations. Despite Defendants' good faith efforts, and without providing Defendants' counsel an opportunity to provide any follow-up response or confer with our clients, Plaintiff filed the instant motion.

In any event, Defendants remain open to discussing any outstanding discovery issues and respectfully request that Defendants be provided two weeks to confer with our client regarding same. Ultimately, Defendants request that Plaintiff's Motion to Compel be denied and the Court Order the parties to meet-and-confer after that two week period to further discuss any outstanding discovery issues.

Plaintiff's Motion to Compel Should be Denied

In his motion, Plaintiff requests that the Court compel Defendants to provide pre-certification discovery of: (1) a list of covered employees, consisting of their names, contact information, wages, work schedules, tip wages, dates of employment and documents reflecting same, (2) the identities of shareholders and the organizational structure of corporate defendants, and (3) e-discovery.

In support of his argument for the list of covered employees, their contact information, and their wage records, Plaintiff argues that there is "overwhelming weight of authority in the Second Circuit" in support of pre-certification class discovery, yet in doing so, cites only *Alvarez v. Schnipper Restaurants LLC*, 16-cv-5779 (S.D.N.Y. Dec. 6, 2017). Doc. No. 62, p. 2. Plaintiff further argues that the requested information is necessary as the case was "pled as a class action" and that the contact information is "plainly relevant as such employees will potentially have discoverable information as to defendants' practices." *Id.* Plaintiff's argument is simply wrong.

It is well-established that at this pre-certification juncture, Plaintiff is entitled to nothing more than what this Court already directed Defendants to provide, namely the size of the putative class and the policies and procedures relating to same. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 340–41 (1978) (holding that the names and address of putative class members should be "sought to facilitate the sending of notice rather than to define or clarify issues in the case, as is the function of the discovery rules, and thus cannot be forced into the concept of relevancy reflected in Fed. Rule Civ. Proc. 26(b)(1)"); *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 169 (S.D.N.Y. 2012) (noting that prior to the court certification of a Rule 23 class, plaintiffs "are only entitled to discovery related to either the named plaintiffs or to company policies to support a motion (not yet filed, much less granted) for class certification; plaintiffs are not entitled to discovery about individual potential class members until plaintiffs have moved for and been granted class certification"); *Jenkins v. TJX Companies, Inc.*, 2011 WL 1563677, at *1 (E.D.N.Y. Apr. 25, 2011) (quoting *Dziennik v. Sealift, Inc.*, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006)) ("'[c]ourts have ordinarily refused to allow

discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.'"); *Dziennik*, 2006 WL 1455464 at *2 (denying pre-certification discovery of names and addresses for putative Rule 23 class members and distinguishing it from pre-certification discovery for FLSA collective matters). Moreover, courts have specifically rejected the argument that Plaintiff is entitled to the identities of the putative class members on the basis that those individuals could serve as witnesses. *Mitchel v. Fortress FS, LLC*, 2014 WL 12776121, at *1 (E.D.N.Y. 2014). As such, Plaintiff's request for such information should be denied.

Plaintiff also moves to compel the identities of shareholders and the organizational structure of the corporate Defendants.[1] Plaintiff is not entitled to same as Plaintiff has neither moved for nor has the Court certified any class under Federal Rule of Civil Procedure 23 that covers all five corporate entities. Additionally, Plaintiff's request is overbroad and violates Local Rule 33.3 which only permits the use of interrogatories to seek the "names of witnesses with knowledge of information relevant to the subject matter of the action." Moreover, this information is of a proprietary nature and is irrelevant to the Plaintiff's wage-and-hour claims or the merits of any putative class. Further, Plaintiff can more efficiently seek such information through depositions. Even if the information is relevant, which it is not, Plaintiff should not be entitled to same until after class certification.

Additionally, Plaintiff moves to compel e-discovery. Not only has Plaintiff failed to explain why e-discovery is necessary in his motion, but as discussed herein, Defendants have not refused to provide e-discovery. Instead, due to Plaintiff's haste to involve the Court, Defendants' counsel has not had the opportunity to confer with our client and rather, Defendants' counsel has had to utilize time and resources -- that could have been devoted to working with Plaintiff's counsel to narrow the twenty-nine proposed search terms -- to instead drafting the instant correspondence. Plaintiff's proposed search terms are numerous and overbroad. Indeed, such terms include "cash*," "clean," "credit," "fixed," "notice," "spread," and "statement." In a restaurant setting, a search using any of the above terms would garner irrelevant massive results, ranging from supply orders to maintenance of the kitchen to invoice payments, all completely unrelated to Plaintiff's wage and hour claims.

As noted above, Plaintiff's Motion to Compel is premature and violates Local Rule 37.2, as well as Your Honor's Individual Practice Rule II(b). Ultimately, Defendants are cautiously optimistic a further meet and confer will act to limit any discovery issues before the Court. Of course, the Court's decision in Plaintiff's pending 29 U.S.C. § 216(b) motion may also act to limit the scope of discovery issues. In any event, we respectfully request the Court deny Plaintiff's motion and Order the parties to meet and confer within two weeks of such Order to further discuss the issues prematurely raised by Plaintiff's counsel.

Defendants thank the Court for its time and consideration.

Respectfully Submitted,
/s/ Dong Phuong V. Nguyen
Dong Phuong V. Nguyen, Esq.

cc: All Counsel of Record (via ECF)

---

[1] Plaintiff's motion references Interrogatory No. 9 which Plaintiff represents to request the identities of shareholders. Interrogatory No. 9 actually requests the identity of banks where Defendants have accounts. Defendants assume that this is a scrivener's error. *See* Doc No. 62-1.

879629-2