UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ELVIR DELIJANIN, *individually and on behalf of:*

*others similarly situated*,

            Plaintiff,

   -against-

WOLFGANG'S STEAKHOUSE INC, *et al.,*

            Defendants.

-------------------------------------------------------------------X

18-CV-7854 (RA) (KHP)

**DISCOVERY RULING**

**KATHARINE H. PARKER, United States Magistrate Judge:**

   In this putative class and collective action in which Plaintiff asserts violations of federal and state wage and hour laws, Plaintiff has moved to compel answers to certain interrogatories and document requests. Plaintiff characterizes his requests as seeking pre-certification class discovery, the names of shareholders of the defendant entities, the names of managers at the various Wolfgang's Restaurant locations in New York, the organizational structure of the corporate defendants and certain electronic discovery. Defendant has objected to such discovery. It contends, among other things, that Plaintiff's interrogatories violate Local Rule 33.3 and that the document requests are beyond the scope of what this Court previously ordered, are duplicative of each other, in some instances are unduly vague and overbroad insofar as they request "all" documents pertaining to a broad list of topics.

**Plaintiff's Interrogatories**

The following are the Interrogatories at issue:

No. 1 seeks a list of the names, addresses, emails and telephone numbers of all non-exempt tipped employees who worked for any of the Defendant entities in the six-year period preceding the filing of the Complaint (the "putative class").

No. 2(b) seeks detailed information for every person in the putative class including job title, workweek start and end dates and times, regular hourly rate for each week in which the individual worked overtime, an explanation of the basis of pay showing the monetary amount paid on a per hour, per day, and per week, the total daily or weekly straight-time earnings or wages due for hours working during the workday or workweek, the total premium paid over and above straight-time earnings for overtime hours, the total additions to or deductions from wages paid each pay period, detailed information about additions and deductions, non-exempt tipped employee, total wages paid each pay period, and the date of payment and pay period covered by the payment.

No. 10 seeks the name, title, employment period, compensation rate and weekly work schedules of each member of the putative class.

No. 11 seeks the number of individuals in the putative class at each of the Defendant entities' locations.

No. 13 seeks the amount of tips received by Plaintiff and each member of the putative class on a daily basis, methods of keeping track of tips, and tip pooling policies or other policy regarding retention of tips by Defendants.

Federal Rule of Civil Procedure 33 ("Rule 33") permits a party to serve on any other party no more than 25 written interrogatories, including all discrete subparts. Fed.R.Civ.P. 33(a). Limitations exist on the number of interrogatories because they "can be costly and . . . used as a means of harassment." 1993 Advisory Committee Notes to Rule 33. This District has long recognized the risk that interrogatories can be abused by parties in litigation and placed further restrictions on them. Local Rule 33.3 prohibits interrogatories served at the commencement of discovery from seeking more than the "names of witnesses with knowledge or information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents."

None of the five interrogatories at issue comply with Local Rule 33.3. Plaintiff appears to have utilized interrogatories to obtain information that can easily be obtained through document requests. And, indeed, the interrogatories are redundant of Plaintiff's document requests. Because Plaintiff has failed to comply with Local Rule 33.3, the Motion to Compel is DENIED.

**Document Requests**

The following are the document requests at issue:

Request No. 2: All journals, transcripts, diaries, transaction reports, pay stubs, pay checks, wage papers, punch-clock records, documents, papers, job applications, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing all non-exempt tipped persons employed by Defendants ("Covered Employees"), their wage, salary, tips earned, spread of hours pay, rate and method of pay, hours worked, job duties, general work policies they were to follow, arrival/departure from work, breaks taken, or any matters concerning Plaintiffs employment with the Defendants.

Request No. 14:  For the past six (6) years, all files, written or electronic (including spreadsheets, databases, telephone logs, contact directory or information, internet usage files, calendars), used or kept by Defendants' officials, managers and supervisors related to Plaintiff and Covered Employees.

Request No. 16: For the past six (6) years, any other payroll files and/or data, benefits files and/or data, time records or any other work schedules of Plaintiff and Covered Employees not covered by the foregoing.

Request No. 17: For the past six (6) years, all documents relating to payments or other transactions between Plaintiff, Covered Employees and Defendants, not covered by the foregoing, including fines, loans and all other payments.

Request No. 21:  All leases entered into by Defendants in respect of real property.


Federal Rule of Civil Procedure 34 ("Rule 34") permits a party to serve on any other party a request for documents and electronically stored information so long as the request is within the scope of Rule 26(b)(1). The request must "describe with reasonably particularity

each item or category" of documents and information sought.  Fed.R.Civ.P. 34(b)(1).  Changes to the rule made in 2015 "were intended to address systemic problems in how discovery requests and responses traditionally were handled."  The Sedona Conference Journal, Vo. 19, *THE SEDONA CONFERENCE FEDERAL RULE OF CIVIL PROCEDURE 34(b)(2) PRIMER: PRACTICE POINTERS FOR RESPONDING TO DISCOVERY REQUESTS*, p. 452.  Objections to document requests must be stated with specificity as well and include the reasons for the objection.  Fed.R.Civ.P. 34(b)(2)(B-C).

Both the requesting and the responding parties are expected to act in accordance with both the letter and intent of the amended Rules.  Indeed, amended Rule 1 emphasizes that the parties have a responsibility to construe and administer the rules to ensure the just, speedy and inexpensive resolution of every action.  Fed.R.Civ.P. 1; 2015 Advisory Committee Note to Rule 1.  Parties also must certify that every discovery request and response is in fact consistent with Rule 26(b)(1), not interposed for any improper purpose, and not unreasonable or unduly burdensome.  Fed.R.Civ.P. 26(g).

Plaintiff has not complied with his duty under Rule 34.  In each of the requests at issue Plaintiff requests "all" documents concerning or pertaining to various listed topics.  A number of them overlap and thus contain unnecessary redundancy.  For these reasons, the requests are clearly overbroad and unreasonable.  *Henry v. Morgan's Hotel Group, Inc.,* 2016 WL 303114 at *2 (S.D.N.Y. Jan. 25, 2016); *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at *47-48 (S.D.N.Y. Feb. 16, 2016).

It appears that Plaintiff's counsel has relied on a standard set of form requests. The 2015 amendments to the Federal Rule of Civil Procedure were designed to stop counsel from relying on standard, overbroad requests and require tailoring based on the particular issues and circumstances in the case. It also appears that Plaintiff's counsel did not fully comply with his meet and confer obligations.

With respect to ediscovery, Plaintiff has not submitted any specifics concerning the dispute. All Plaintiff has stated is that he is seeking ediscovery and provided Defendant with 27 search words. Plaintiff's counsel has not stated which custodian's electronic records are to be searched or if there is a dispute over custodians. Plaintiff's counsel has not provided the Court with any explanation as to the appropriateness of the search words or any evidence that he has met and conferred with Defense counsel about the volume of emails that would be recovered from those search terms, whether the search terms result in mis-hits, or whether he permitted Defense counsel to suggest alternative terms or restrictors to Plaintiff's proposed terms that would result in a more targeted pull of emails. In a wage and hour case such as this, involving alleged off-the-clock time at a restaurant(s) with limited locations, it is unclear whether an expansive email search would be cost effective and proportional to the needs of the case given that the vast majority of relevant documents will consist of personnel records, payroll records, time and attendance records, and employment policies—documents that may be electronic but that do not require searches through emails. To be sure, some email will be relevant and discoverable, but counsel are expected to meet and confer about the best search methodology that will efficiently and cost effectively result in identification of relevant documents.

For the foregoing reasons, Plaintiff's Motion to Compel is DENIED.

**Conclusion**

Plaintiff's Motion to Compel (ECF No. 62) is DENIED.  The Clerk of Court is respectfully requested to terminate the motion.

As previously ordered, Defendant shall produce the following records concerning all non-exempt tipped staff at the Midtown East location where Plaintiff worked for the period August 2012 through the present:  (1) payroll records sufficient to show position, dates of employment, pay rates, cash wages paid, tips received, tip credits taken, straight time and overtime hours worked (contact information and social security numbers can be redacted);  (2) any employee handbooks in effect during the period; (3) any tip policies in effect during the period; (4) wage theft protection act notices provided during the period (contact information and social security numbers can be redacted); (5) signed tip allowance and tip acknowledgement forms (contact information and social security numbers can be redacted). *See also Da Silva Moore v. Publicis Group*, 868 F. Supp. 2d 137, 169 (S.D.N.Y. 2012) (restricting discovery to Plaintiff's location).  Additionally, for all non-exempt tipped staff at the Midtown East location where Plaintiff worked for the period August 2012 through the present Defendant shall produce:  (1) documents sufficient to show the hours that each employee was scheduled and expected to work (e.g., weekly work schedules) and (2) time keeping records (e.g., punch clock data).  Finally, Defendant shall produce: (1) documents sufficient to show the corporate ownership of the Defendant entities; and (4) documents sufficient to identify the managers of the exempt non-exempt tipped employees at the Midtown East location for the period August 2012 to present.  This information shall be produced by April 30, 2019.

Dated: April 8, 2019
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge