USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/08/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

ELVIR DELIJANIN, *individually and on behalf of:*
*others similarly situated*,

                           Plaintiff,

     -against-

WOLFGANG'S STEAKHOUSE INC, *et al.,*

                           Defendants.

------------------------------------------------------------------X

**18-CV-7854 (LJL) (KHP)**

**ORDER SCHEDULING**
**SUPPLEMENTAL FINAL FAIRNESS**
**HEARING**

**KATHARINE H. PARKER, United States Magistrate Judge:**

This Court has been informed that thirty-five members of the proposed settlement class did not receive notice of the settlement, and the parties agree that in the interest of justice, the Court should extend the time for these thirty-five individuals to receive notice and have an opportunity to consider whether they object to or wish to opt-out of the settlement. Having heard the arguments of counsel, and for the reasons discussed on the record, it is hereby ORDERD that:

1) Defendants shall provide the Claims Administrator with Social Security and/or Phone Numbers of the thirty-five individuals who did not receive notice within the next 24 hours;

2) The Claims Administrator shall perform skip-traces and mail notice to the thirty-five individuals by December 14, 2020;

3) Such individuals shall have until January 29, 2021 to object to or opt-out of the settlement.

There were two settlement class members who timely received notice, decided to opt-out of the settlement but failed to mail their opt-out forms to the Claims Administrator by the deadline set forth in the notice.  One of the two, Mirza Kujovic, dated his opt-out form September 6, 2020—the last day of the opt-out period, but the form was postmarked September 8, 2020—two days late.  The other individual, Husnija Celic, dated his opt-out form October 15, 2020 and his mailing is postmarked October 20, 2020.  Neither individual offers any excuse for the late mailing.

Whether to excuse Kujovic and Celic's late notices and permit them to opt-out is an equitable one made by the Court in its discretion taking into account all relevant circumstances surrounding the lateness.  *Hanks v. Voya Ret. Ins. & Annuity Co.*, 16-cv-6399, 2020 WL 6538743 at *2 (S.D.N.Y. Nov. 6, 2020).  The Court takes into consideration prejudice to the opposing party, the length of delay, its impact on judicial proceedings, the reason for the delay, whether the delay was within the party's reasonable control and whether the party acted in good faith Id.  Here, Kujovic appears to have intended to timely submit his opt-out, having dated it on the last day of the opt-out period.  The Court takes judicial notice of the COVID-19 pandemic and stresses on the United States Postal Service in the fall of this year, during which widespread delays were reported.  Accordingly, it is possible that the September 8, 2020 postmark is no fault of Kujovic.  Therefore, the Court finds, in the interest of justice, that his late opt-out mailing should be accepted and that Kujovic should be deemed to have opted out of the settlement.  In contrast, Celic timely received the notice but did not date it or attempt to return it by the deadline specified in the settlement notice.  It was 44 days late—well beyond what

could be attributed to complications from the pandemic and stresses on the post office. Therefore, Celic's late opt-out will not be accepted, and he should receive a settlement check.

Finally, although the Court heard from counsel as to the fairness of the settlement at a hearing today, the Court wishes to give the thirty-five individuals who will receive notice a chance to file objections or opt-out before giving final approval to the settlement. Accordingly, Class Counsel shall file a supplemental brief and Claims Administrator Affidavit by February 4, 2021 to update the Court on the mailing to these individuals. Additionally, the Court will hold a Supplemental Fairness Hearing in this matter on **Thursday, February 11, 2021, at 10:00 a.m.** Counsel for the parties are directed to call Judge Parker's AT&T conference line at the scheduled time. Class members and/or objectors are invited to attend. **Please dial (866) 434-5269; access code 4858267.**

**SO ORDERED.**

DATED:  New York, New York
        December 8, 2020

_____
KATHARINE H. PARKER
United States Magistrate Judge